Joseph La Costa (California Bar Number: 108443)
JOSEPH LA COSTA, ATTORNEY AT LAW
7840 Mission Center Court, Suite 104,
San Diego, CA 92108
joelacostaesq@gmail.com
Telephone: (619) 922-5287

Attorney for Plaintiff, Lionel L Rowe

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lionel L Rowe, as individual, | Case No: **'14CV1128 JAH  WVG** |
| Plaintiffs, | VERIFIED COMPLAINT FOR: |
| vs. | |
| | 1. DECLARATORY RELIEF [28 U.S.C. §§ 2201, 2202]; |
| WELLS FARGO BANK NATIONAL. ASSOCIATION; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE MORGAN STANLEY MORTGAGE LOAN TRUST 2005-2AR; DAVID SEYBOLD; NDEX WEST, LLC;; AND DOES 1-60; | 2. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.; |
| | 3. VIOLATION OF 12 U.S.C. § 1818(b); |
| | 4. VIOLATION OF 12 U.S.C. § 1867(c)-(d); |
| | 5. 12 U.S.C. § 4631; |
| Defendants. | 6. CANCELLATION OF INSTRUMENTS; |
| | DEMAND FOR JURY TRIAL |

VERIFIED COMPLAINT

Page **1** of **31**

## <u>TABLE OF CONTENTS</u>

I.    JURISDICTION, VENUE AND PARTIES ……………………………...3

II.   FACTUAL ALLEGATIONS ………………………………...………...5

III.  ALLEGATIONS REGARDING THE TRUST…………………………6

IV.   THE FABRICATED CORPORATION ASSIGNMENT OF DEED OF TRUST IS A FRAUDULENT LIEN THAT CONVEYED NO INTEREST TO DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE MORGAN STANLEY MORTGAGE LOAN TRUST 2005-2AR…………………………………………………………………...

V.    THE FABRICATED ASSIGNMENT OF DEED OF TRUST IS A FRAUDULENT DOCUMENT THAT CONVEYED NO AUTHORITY TO DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE MORGAN STANLEY MORTGAGE LOAN TRUST 2005-2AR. TO ACT AS BENEFICIARY OF THE DEED OF TRUST.… ………………10

VI.   FIRST CAUSE OF ACTION – DECLARATORY RELIEF [28 U.S.C. §§ 2201, 2202]..........................................................................12

VII.  SECOND CAUSE OF ACTION – VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ………………………………………………...…………...16

VIII. THIRD CAUSE OF ACTION – VIOLATION OF 12 U.S.C. § 1818(b)……………………………………………...............19

IX.   FOURTH CAUSE OF ACTION – VIOLATION OF 12 U.S.C. § 1867(c)-(d)……………………………………………............................21

X.    FIFTH CAUSE OF ACTION – 12 U.S.C. § 4631………………........22

XI.   SIXTH CAUSE OF ACTION – CANCELLATION OF INSTRUMENTS …………………………………………………………………...26

PRAYER FOR RELIEF………………………………………...…………..27

VERIFICATION…………………………………………….....................30

DEMAND FOR A JURY TRIAL………………………………………..31

LOCAL RULE 5.1 CERTIFICATION……………………………………32

VERIFIED COMPLAINT

# I.
## JURISDICTION, VENUE AND PARTIES

1. This Court has original jurisdiction over the claims in this action based on. Declaratory Relief [28 U.S.C. §§ 2201, 2202], Violation of 12 U.S.C. § 1818(b), Violation of 12 U.S.C. § 1867(c)-(d); 12 U.S.C. § 4631, 28 U.S.C. § 1391(b), and Cancellation of Instruments, which confer original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law.[1]

2. This Court also has supplemental jurisdiction over the pendant state law claims because they form a part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S. C. § 1367.

3. This Court has original jurisdiction over the claims in  this action based on 28 U.S.C. §1332, which confers original jurisdiction on federal district courts in

---

[1] The Ninth Circuit instructs that in actions brought under 28 U.S.C. § 2201, district courts must first determine whether there is an actual controversy within its jurisdiction by analyzing the factors enumerated in *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942). The *Brillhart* factors require the Court to (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation. *Brillhart*, 316 U.S. at 495; see also *Schafer v. Citimortgage* No. CV 11-03919, 2011 WL 2437267 (C.D. Cal. June 15, 2011). As held by the court in *Schafer,* This action does not involve a needless determination of state law issues, does not involve forum shopping, and is not duplicative litigation.

suits between diverse citizens that involve an amount in controversy in excess of $75,000.00.

4. The unlawful conduct, illegal practices, and acts complained of and alleged in this complaint were all committed in the Southern District of California and involved real property located in the Southern District of California. Therefore, venue properly lies in this District, pursuant to 28 U.S.C. § 1391(b).

5. Plaintiffs are now, and at all times mentioned herein as individual residing in the County of San Diego, State of California. At all relevant times to this action, Plaintiffs have owned the real property commonly known as 99 Crystal Ln, Mammoth Lakes, California 93543, further described as: Assessor's Parcel Number 560-381-13-00

6. The land referred to herein below is situated in County the Mammoth Lakes, State of California, and is described as follows:

LOT 69 OF MAMMOTH SLOPES UNIT 1 IN THE TOWN OF MAMMOTH LAKES COUNTY OF MONO STATE OF CALIFORNIA, AS PER MAP RECORDED JUNE 18 1964 IN THE BLOCK 4, PAGE 18, 18A AND 18B OF MAPS IN THE OFFICE OF SAID COUNTY.

## II.
## FACTUAL ALLEGATIONS

7. Plaintiff contends that he is the owner of the subject Property; all claims

made herein are based upon the financing and ownership of the Property in the name of Plaintiff, and the subsequent foreclosure and Wrongful conduct.

8. Plaintiff executed a promissory note and a Deed of Trust whereas dated November 11, 2004, in the amount of $510,000.00, payable to "Secured Bankers Mortgage Company." The proceeds of the loan made in exchange for said Note were used to invest to remodel the Subject Property. The Subject Property is a single family dwelling which, at all relevant times, has been occupied by Plaintiff as their residence.

9. On August 05, 2009, a document entitled "Assignment of Deed of Trust" was recorded against the Property as Document No. 2009003935, It states that MERS, as nominee Secured Bankers Mortgage Company its successors and assigns, herein designated as the Assignor does hereby grant, sell, assign, transfer and set over unto Deutsche Bank National Trust Company, As Trustee of The Morgan Stanley Mortgage Loan Trust 2005-2AR. Herein, Document No. 2009003935 was purportedly recorded and signed by David Seybold, as an Assistant Secretary for Mortgage Electronic Registration Systems, Inc."Assignment of Deed of Trust was notarized by Sonia Cardona on July 27, 2009, declaring under penalty of perjury that David Seybold, Assistant Secretary had personally appeared and proven that he/she had executed the Assignment of Deed of Trust in his/her authorized capacity.

10. Document No. 2009003935, was purportedly signed on behalf of Mortgage Electronic Registration Systems, Inc, and signed by David Seybold, as Assistant Secretary for Mortgage Electronic Registration Systems, Inc, The Assignment of Deed of Trust was notarized by Sonia Cardona on July 27, 2009 declaring under penalty of perjury that David Seybold Assistant Secretary had personally appeared and proven that he/she had executed the Assignment of Deed of Trust in his/her authorized capacity.

## ALLEGATIONS REGARDING THE TRUST

11. Plaintiff is informed and believes and thereon alleges that the Trust issued the investment bonds in the mortgage-backed Trust identified herein. Said securities were underwritten. Plaintiff alleges that these securities were duly registered with the Securities and Exchange Commission ("SEC") on a registration statement bearing file numbers. The registration statement and other reports and information regarding the Trustee are available at the SEC's Internet site at http://www.sec.gov. The materials are also available to read and copy at the SEC's Public Reference Room at JOO F. Street, N.E., Washington, D.C. 20549.However the Assignment of Deed of Trust recorded on August 05, 2009 Document No2009003935 Where as Grants, Assigns to Deutsche Bank National Trust Company, As Trustee of The Morgan Stanley Mortgage Loan Trust 2005-2AR.

According to Securities Information from the US SEC EDGAR database for the Morgan Stanley Mortgage Loan Trust 2005-2AR. States as fallows the Current Report on Form 8-K filed by Morgan Stanley Capital I Inc dated as May 26, 2005 with respect to Registration Statement No. 333-104283-27 and Pooling and Servicing Agreement by and among Mortgage Pass-Through Certificates, Series 2005-2AR., as Depositor, Wells Fargo Bank, National Association, as the Master Servicer, Deutsche Bank National Trust Company, as Trustee.

12. In the purported Assignment of the Deed of Trust, the Trust is listed as the holder and owner of the Note Deutsche Bank National Trust Company, As Trustee of the Morgan Stanley Mortgage Loan Trust 2005-2AR.

13. Plaintiff further believes and upon such belief alleges that the Note was not duly endorsed, transferred and delivered to Deutsche Bank National Trust Company, As Trustee of the Morgan Stanley Mortgage Loan Trust 2005-2AR.

14. Plaintiff is informed and believes and thereon alleges that the Note in this case was never actually transferred to Deutsche Bank National Trust Company, As Trustee of the Morgan Stanley Mortgage Loan Trust 2005-2AR.

15. In addition, there is no indication that Plaintiffs loan was transferred into the trust, Morgan Stanley Mortgage Loan Trust 2005-2AR, as it was not listed in any documents filed by the Trust and available to the public at www.edgar.gov.

Accordingly, Plaintiff alleges that the Note in this case was never lawfully negotiated and physically delivered to the Trust.

16. Plaintiff is informed and believe and thereon alleges that as a direct and proximate result of above, Plaintiff have suffered actual harm in an amount to be determined at trial, including, among other things: severe emotional and physical distress; damaged credit; financial harm; fees and costs.

**THE FABRICATED ASSIGNMENT OF DEED OF TRUST OF DEED OF TRUST IS A FRAUDULENT LIEN THAT CONVEYED NO INTEREST TO DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE MORGAN STANLEY MORTGAGE LOAN TRUST 2005-2AR.**

17. On August 05, 2009, a Document No. 2009003935, purportedly was signed on behalf of MERS, and signed by DAVID SEYBOLD, acting as "Assistant Secretary" The Assignment of Deed of Trust was notarized by SONIA CARDONA on July 27, 2009, declaring under penalty of perjury that DAVID SEYBOLD had personally appeared and proven that he/she had executed the Assignment of Deed of Trust in his/her authorized capacity. The Assignment of Deed of Trust was eventually recorded in the County of Mammoth Lakes on August 05, 2009 Doc No. 2009003935.

18. Plaintiff alleges that DAVID SEYBOLD is an individual who simply

signs thousands of property record documents without any legal or corporate authority whatsoever.

19. These were intentional acts undertaken by Wells Fargo, MERS and Deutsch, done knowingly with the specific intent that the consequences of their actions be brought to fruition, which they have done as evidenced by the instant debt collection activities.

20. This Assignment of Deed of Trust is a fraudulent lien claim and the execution, filing and recordation of the document was created for the purpose of facilitating and aiding and abetting the illegal, deceptive and unlawful collection of Plaintiff' mortgage payments.

21. Plaintiff further alleges that any amount owed under the Note is subject to equitable offset by the actual, consequential, special and punitive damages owed to Plaintiff from Defendants Wells Fargo, MERS and Deutsch. The exact amount is currently unknown, but will be determined upon conducting discovery.

**THE FABRICATED ASSIGNMENT OF DEED OF TRUST IS A FRAUDULENT DOCUMENT THAT CONVEYED NO AUTHORITY TO DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE MORGAN STANLEY MORTGAGE LOAN TRUST 2005-2AR. TO ACT AS BENEFICIARY OF THE DEED OF TRUST.**

22. On August 05, 2009 a document entitled "Assignment of Deed of Trust" was recorded against the Property as Document No. 2009003935. It states that

MERS, as nominee for Secured Bankers Mortgage Company Inc., its successors and assigns, herein designated as the Assignor does hereby grant, sell, assign, transfer and set over unto Deutsche Bank National Trust Company, As Trustee of the Morgan Stanley Mortgage Loan Trust 2005-2AR. As Beneficiary under said Deed of Trust." However the correct beneficiary is currently unknown, but will be determined upon conducting discovery

23. The Assignment was purportedly signed by "David Seybold as" Assistant Secretary of MERS Nominee for Secured Bankers Mortgage Company.

24. Plaintiff alleges and believes that David Seybold, Assistant Secretary is a "robo-signer" an individual who simply signs thousands of foreclosure documents without any personal knowledge or authority to do so of the facts to which they attest to, namely that an interest in a negotiable instrument was legally assigned to a purported assignee.

25. As such, David Seybold, Assistant Secretary is not a "Assistant Secretary" for MERS and in fact the Assignment was fraudulently signed without force, effect, and knowledge or authorization from MERS.

26. Plaintiff alleges that David Seybold, as an Assistant Secretary for MERS was never, in any manner whatsoever, appointed as an "Assistant Secretary" by MERS, and thus giving her no corporate or legal authority from Deutsche Bank National Trust Company, As Trustee of the Morgan Stanley Mortgage Loan Trust

2005-2AR, or the lender's successors and assigns, to execute the purported "Assignment".

27. This was an intentional act undertaken by Wells Fargo, Deutsch, and/or NDEX done knowingly with the specific intent that the consequences of their actions be brought to fruition, which they have as evidenced by the instant debt collection activities.

28. The "Assignment" is a fraudulent document and the execution, filing and recordation of the document was created for the purpose of facilitating and aiding and abetting the illegal, deceptive and unlawful collection, and attempts to collect, on Plaintiff's obligation.

29. Accordingly, Lionel L. Rowe contends that no party (other than himself) has right, title or interest in, or claim to, the Note, the DOT, or the Property by which the Note was secured in the DOT that would permit it to enforce the terns of the DOT or Note.

30. In light of the above, Lionel L. Rowe contends that, Wells Fargo, Deutsch and NDEX (collectively "Defendants") wrongfully filed a notice of trustee sale. As a direct and proximate result of above, Lionel L. Rowe has suffered actual harm in an amount to be determined at trial, including, among other things: severe emotional and physical distress; loss of the Property; damaged credit; financial harm; and attorneys' fees and costs.

## FIRST CAUSE OF ACTION
## DECLARATORY RELIEF; TO DETERMINE STATUS OF
## DEFENDANT'S CLAIMS [28 U.S.C. § 2201, 2202]
**[As against all Defendants, and all Doe Defendants, inclusive]**

31. Plaintiffs hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein. Section 2201(a) of Title 28 of the United States Code states:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than the actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

32. Section 2202 of Title 28 of the United States Code states:

> "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

Plaintiffs allege that Wells Fargo was not the successor and/or assign of the interests of the original lender Secured Bankers Mortgage Company.

Plaintiffs allege that Wells Fargo did not have a secured or unsecured legal, equitable, or pecuniary interest in the lien evidenced by the Deed of Trust and that the purported recorded assignments have no value since they were executed fraudulently and without the authority, direct or indirect, stated or implied, of the current beneficiary of the Note and Deed of Trust.

33. Plaintiffs further allege that none of the Defendants is the actual successor in interest to the original Lender Secured Bankers Mortgage Company, with respect to the Note an Deed of Trust, since the Lender sold, transferred or assigned all right title and interest to a third party at some time well prior to the interests purported to be asserted by the Defendants.

34. Defendant Wells Fargo claims they had a secured enforceable interest in, and perfected lien against, the Plaintiffs' Note, Deed of Trust and Property.

35. Defendant Wells Fargo claims they had standing to obtain all of the rights and benefits under the Note and Deed of Trust to the exclusion of the true Beneficiary.

36. Plaintiffs allege that Wells Fargo did not have any standing to obtain all of the rights and benefits under the Note and Deed of Trust to the exclusion of the

VERIFIED COMPLAINT

Page **13** of **31**

true beneficiary nor has any claims that they have a secured enforceable interest in, and perfected lien against, the Plaintiffs' Note, Deed of Trust and Property.

37. Thus, the competing allegations made by Plaintiffs above establish that a real and actual controversy exists as to the respective rights of the parties to this matter with respect to the claimed interest by the Defendant Wells Fargo to the benefits and rights under the Note and Deed of Trust, and the Plaintiffs' denial that the Defendants had any right, or standing to assert any right, under the Note and Deed of Trust.

38. Accordingly, Plaintiffs request the Court make a finding and issue appropriate orders stating that Wells Fargo, Deutsch and NDEX the Doe Defendants had no right or interest in Plaintiffs' Note, Deed of Trust, or the Property; which authorized them, in fact or as a matter of law, to any benefit or right set forth in the Note and Deed of Trust to execute a Security Instrument such as an Assignment that transferred beneficial interest.

39. Plaintiffs will suffer prejudice if the Court does not determine the rights and obligations of the parties because (1) Plaintiffs will be denied the opportunity to identify and document their true and correct creditor/lender that subsequently deprives Plaintiffs their opportunity to negotiate alternative options to foreclosure; (2) Plaintiffs will be denied the right to conduct discovery and have the claims of Wells Fargo, Deutsch and NDEX verified by a custodian of records who has

personal knowledge of the loan and all transactions related to it; (3) Plaintiffs will be denied the opportunity to discover the true amount they still owe minus any illegal costs, fees and charges; (4) Plaintiffs will face dispossession of their family home.

40. Due to the actual case and controversy regarding competing claims and allegations, it is necessary that the Court declare the actual rights and obligations of the parties and make a determination as to whether the claims of Wells Fargo, Deutsch and NDEX are enforceable and whether they are secured by any right, title or interest in Plaintiffs' Property.

41. Furthermore, the conduct of Wells Fargo, Deutsch and NDEX, Defendants and one or more Doe Defendants, and each of them, as herein described, was so malicious and contemptible that it would be looked down upon and despised by ordinary people. Plaintiffs are therefore entitled to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar conduct.

## SECOND CAUSE OF ACTION
## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.
### [As against all Defendants, and all Doe Defendants, inclusive]

42. Plaintiffs hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

43. Defendant's conduct, for the reasons stated herein and fully described above, is in direct violation of Cal. Penal Code Section 532(f)(a)(4), because, as shown and fully described above, the Defendants have caused to be recorded multiple notices with the County Recorder which the Defendants knew and know contain deliberate misstatements, misrepresentations, and omissions.

44. California Business and Professions Code section 17200, et seq., prohibits acts of unfair competition, which means and includes any unlawful, unfair or fraudulent business act and conduct that is likely to deceive and is fraudulent in nature.

45. As more fully described above, Defendants' acts and practices are unlawful, unfair, and fraudulent, and constitute an attempt to obtain through threats and extortion, the Plaintiffs' property (money and home) under threat of imminent loss of their home. This conduct is ongoing and continues to date.

46. Defendants engage in unfair, unlawful[2], extortive and fraudulent business practices with respect to mortgage loan servicing and related matters by, among other things:

---

[2] "Unlawful" acts or practices are those forbidden by law, be it civil or criminal, federal, state or municipal, statutory, or court-made. *Saunders v. Superior Court*, 27 Cal. 4th 832 (1994); *Hewlett v. Squaw Valley*, 54 Cal. 4th 499 (1997).

   a.  Executing and recording false and misleading documents; [3]

   b.  Executing and recording documents without legal authority to do so (The Assignment signed by "'David Seybold" as "'*Assistant Secretary Loan Documentation*" for MERS);

   c.  Failing to disclose the principal for which documents were being executed and recorded in violation of Cal. Civ. Code section 1095;

   d.  Acting as a beneficiary without the legal authority to do so;

   e.  Recording an Assignment on the subject property without the legal authority to do so; and

   f.  Other deceptive and coercive practices as described herein.

47. As more fully described above, Defendants' acts and practices are likely to deceive member(s) of the public.

48. As more fully described above, Defendants acts and practices are unfair and the harm cause by the conduct outweighs any benefits that the conduct may have.

---

[3] Defendants recording of two assignments, a Notice of Default, and a Notice of Trustee Sale violates Cal. Penal Code section 532(f)(a)(4), which prohibits any person from filing a document related to a mortgage loan transaction with the county recorder's office which that person knows to contain a deliberate misstatement, misrepresentation, or omission. The facts demonstrate that Defendants have committed mortgage fraud by filing said documents with the county recorder's office with knowledge that the document contained a deliberate misstatement, misrepresentation, or omission of fact.

49. Plaintiffs allege that by engaging in the above described acts and/or practices as alleged herein Defendants violate several laws including Cal. Bus. And Prof. Code section 17200, et seq., and must be required to disgorge all profits related to their unfair, unlawful, and deceptive business practices.

50. As a direct and proximate result of the actions of Defendants, and each of them, stated above, Plaintiffs have been injured in that a cloud has been placed upon title to Plaintiffs' Property.

51. Defendants have failed to remove this cloud from Plaintiffs' title.

52. Plaintiffs are entitled to an order compelling Defendant Wells Fargo and MER other defendants or other parties in concert with them claiming an interest in and to the Property to take any and all actions necessary to remove the cloud they have placed upon the Plaintiffs' title.

53. Furthermore, Plaintiffs are entitled to an order enjoining such Defendants from taking such action in the future against Plaintiffs and Plaintiffs' Property.

### THIRD CAUSE OF ACTION
### <u>VIOLATION OF 12 U.S.C. § 1818(b)</u>
**[As against all Defendants, and all Doe Defendants, inclusive]**

54. Plaintiffs hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

VERIFIED COMPLAINT

Page **18** of **31**

55. 12 U.S.C. § 1818(b) Cease-and-desist proceedings states:

(1) If, in the opinion of the appropriate Federal banking agency, any insured depository institution, depository institution which has insured deposits, or any institution-affiliated party is engaging or has engaged, or the agency has reasonable cause to believe that the depository institution or any institution-affiliated party is about to engage, in an unsafe or unsound practice in conducting the business of such depository institution, or is violating or has violated, or the agency has reasonable cause to believe that the depository institution or any institution-affiliated party is about to violate, a law, rule, or regulation, or any condition imposed in writing by a Federal banking agency in connection with any action on any application, notice, or other request by the depository institution or institution-affiliated party, or any written agreement entered into with the agency, the appropriate Federal banking agency for the depository institution may issue and serve upon the depository institution or such party a notice of charges in respect thereof. The notice shall contain a statement of the facts constituting the alleged violation or violations or the unsafe or unsound practice or practices, and shall fix a time and place at which a hearing will be held to determine whether an order to cease and desist therefrom should issue against the depository institution or the institution-affiliated party. Such hearing shall be fixed for a date not earlier than thirty days nor later than sixty days after service of such notice unless an earlier or a later date is set by the agency at the request of any party so served. Unless the party or parties so served shall appear at the

hearing personally or by a duly authorized representative, they shall be deemed to have consented to the issuance of the cease-and-desist order. In the event of such consent, or if upon the record made at any such hearing, the agency shall find that any violation or unsafe or unsound practice specified in the notice of charges has been established, the agency may issue and serve upon the depository institution or the institution-affiliated party an order to cease and desist from any such violation or practice. Such order may, by provisions which may be mandatory or otherwise, require the depository institution or its institution-affiliated parties to cease and desist from the same, and, further, to take affirmative action to correct the conditions resulting from any such violation or practice.

56. Plaintiffs allege that Defendants is engaging or has engaged, or the agency has reasonable cause to believe that the depository institution or any institution-affiliated party is about to engage, in an unsafe or unsound practice in conducting the business of such depository institution, specifically Wells Fargo and Deutsch in transferring beneficial interest in the Assignment.

## FOURTH CAUSE OF ACTION
## VIOLATION OF 12 U.S.C. § 1867(c)-(d)
### [As against all Defendants, and all Doe Defendants, inclusive]

57. Plaintiffs hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

58. 12 U.S.C. § 1867(c) Services performed by contract or otherwise states: Notwithstanding subsection (a) of this section, whenever a depository institution that is regularly examined by an appropriate Federal banking agency, or any subsidiary or affiliate of such a depository institution that is subject to examination by that agency, causes to be performed for itself, by contract or otherwise, any services authorized under this chapter, whether on or off its premises.

(1) such performance shall be subject to regulation and examination by such agency to the same extent as if such services were being performed by the depository institution itself on its own premises, and

(2) the depository institution shall notify each such agency of the existence of the service relationship within thirty days after the making of such service contract or the performance of the service, whichever occurs first.

59. 12 U.S.C. § 1867(d) Issuance of regulations and orders states:

The Board and the appropriate Federal banking agencies are authorized to issue such regulations and orders as may be necessary to enable them to administer and to carry out the purposes of this chapter and to prevent evasions thereof.

60. Plaintiffs allege Defendants, specifically Wells Fargo, Deutsch and NDEX has violated the regulations & stipulations ordered to them by the FDIC and the OCC in conducting business that is considered unsafe and unsound.

## FIFTH CAUSE OF ACTION

VERIFIED COMPLAINT

## <u>VIOLATION OF 12 U.S.C. § 4631</u>

**[As against all Defendants, and all Doe Defendants, inclusive]**

61. Plaintiffs hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

62. 12 U.S.C. 4631 Cease-and-Desist Proceedings state:

(a) Issuance for unsafe or unsound practices and violations:

(1) Authority of Director:

If, in the opinion of the Director, a regulated entity or any entity-affiliated party is engaging or has engaged, or the Director has reasonable cause to believe that the regulated entity or any entity-affiliated party is about to engage, in an unsafe or unsound practice in conducting the business of the regulated entity or the Office of Finance, or is violating or has violated, or the Director has reasonable cause to believe is about to violate, a law, rule, regulation, or order, or any condition imposed in writing by the Director in connection with the granting of any application or other request by the regulated entity or the Office of Finance or any written agreement entered into with the Director, the Director may issue and serve upon the regulated entity or entity-affiliated party a notice of charges in respect thereof.

(2) Limitation:

The Director may not, pursuant to this section, enforce compliance with any housing goal established under subpart 2 of part B of subchapter I of this chapter, with section 4566 or 4567 of this title, with subsection (m) or (n) of section 1723a of this title, with

subsection (e) or (f) of section 1456 of this title, or with paragraph (5) of section 1430 (j) of this title.

(b) Issuance for unsatisfactory rating:

If a regulated entity receives, in its most recent report of examination, a less-than-satisfactory rating for asset quality, management, earnings, or liquidity, the Director may (if the deficiency is not corrected) deem the regulated entity to be engaging in an unsafe or unsound practice for purposes of subsection (a).

(c) Procedure:

(1) Notice of charges:

Each notice of charges under this section shall contain a statement of the facts constituting the alleged practice or violation and shall fix a time and place at which a hearing will be held to determine on the record whether an order to cease and desist from such practice or violation should issue, unless the party served with a notice of charges shall appear at the hearing personally or by a duly authorized representative, the party shall be deemed to have consented to the issuance of the cease and desist order.

(2) Issuance of order:

If the Director finds on the record made at such hearing that any practice or violation specified in the notice of charges has been established (or the regulated entity or entity-affiliated party consents pursuant to section 4633 (a)(4) of this title), the Director may issue and serve upon the regulated entity, executive officer, director, or entity-affiliated party an order requiring such party to cease and desist from any such practice or violation and to take affirmative

action to correct or remedy the conditions resulting from any such practice or violation.

(d) Affirmative action to correct conditions resulting from violations or activities:

The authority under this section and section 4632 of this title to issue any order requiring a regulated entity, executive officer, director, or entity-affiliated party to take affirmative action to correct or remedy any condition resulting from any practice or violation with respect to which such order is issued includes the authority to require a regulated entity or entity-affiliated party—

(1) Make restitution to, or provide reimbursement, indemnification, or guarantee against loss, if—

(A) Such entity or party or finance facility was unjustly enriched in connection with such practice or violation; or

(B) The violation or practice involved a reckless disregard for the law or any applicable regulations or prior order of the Director;

(2) To require a regulated entity to seek restitution, or to obtain reimbursement, indemnification, or guarantee against loss;

(3) To restrict the growth of the regulated entity;

(4) To require the regulated entity to dispose of any loan or asset involved;

(5) To require the regulated entity to rescind agreements or contracts;

(6) To require the regulated entity to employ qualified officers or employees (who may be subject to approval by the Director at the direction of the Director); and

(7) To require the regulated entity to take such other action as the Director determines appropriate.

(e) Authority to limit activities:

The authority to issue an order under this section or section 4632 of this title includes the authority to place limitations on the activities or functions of the regulated entity or entity-affiliated party or any executive officer or director of the regulated entity or entity-affiliated party.

(f) Effective date:

An order under this section shall become effective upon the expiration of the 30-day period beginning on the service of the order upon the regulated entity, finance facility, executive officer, director, or entity-affiliated party concerned (except in the case of an order issued upon consent, which shall become effective at the time specified therein), and shall remain effective and enforceable as provided in the order, except to the extent that the order is stayed, modified, terminated, or set aside by action of the Director or otherwise, as provided in this subchapter.

63. Plaintiffs allege that Defendants are subject to 12 U.S.C. 4631as their business practices is unsafe and unsound, specifically Wells Fargo transferring beneficial interest, executed in the Corporate Assignment.

**SIXTH CAUSE OF ACTION**

**CANCELLATION OF INSTRUMENTS**

**[As against all Defendants, and all Doe Defendants, inclusive]**

64. Plaintiffs hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

65. There is in existence certain written instruments which purport to be:

    g.  "Deed of Trust" recorded as Document No. 2009-003935

    h. "Assignment of Deed of Trust" recorded as Document No. 2009003935.

66. As set forth in detail above, the Defendants has and had no right, title, or interest in the relevant Note and Deed of Trust such that it could enjoy any of the benefits provided under said contracts, including declaring a default, or selling the property.

67. Defendants Wells Fargo, MERS and DEUTSCH has and had no right to undertake the benefits conferred under the Note and Deed of Trust, therefore the execution and recording of the document identified above was without legitimacy, force or effect.

68. If the above documents are not cancelled, the Plaintiffs face the loss of title and possession of his property, additional pecuniary damages, and emotional distress.

69. Defendant Wells Fargo knew at the time it executed or caused to be executed the above document that it was not entitled to execute same, and that it

had no legitimate, demonstrable, or actual right title or interest in the relevant Note and Deed of Trust, but executed and recorded the documents nonetheless.

70. Plaintiffs therefore request the Defendant be ordered to deliver the subject documents to the Clerk for cancellation.

**WHEREFORE,** Plaintiffs prays as follows:

A. For compensatory, special and general damages in an amount according to proof at trial, but not less than $75,000.00, against all Defendants and DOES 1 through 60 inclusive;

B. For punitive and exemplary damages in an amount to be determined by the Court against all Defendants and DOES 1 through 60 inclusive;

C. For an order compelling all Defendants and DOES 1 through 60 inclusive to remove any instrument which does not or could be construed as constituting a cloud upon Plaintiffs' title to the Property, including the Assignment, and other document filed with the County Recorder relative to the subject property;

D. For an order finding that all Defendants and DOES 1 through 50 inclusive have no legally cognizable rights as to Plaintiffs, the Property, Plaintiffs' Promissory Note, Plaintiffs' Deed of trust or any other matter based on contract or any of the documents prepared by Defendants and DOES 1 through 60 inclusive, tendered to and executed by Plaintiffs;

E. For the Court to issue an order restraining all Defendants and DOES 1 through 60 inclusive, their agents, or employees from continuing or initiating any action against the Property and enjoining Defendants,

Page **27** of **31**

their agents or employees from doing so during the pendency of this matter;

F.  For a Declaration of Rights and Obligations as between the Plaintiffs and all Defendants with respect to the Note, Mortgage and Deed of Trust and the subject property that is the subject of this complaint;

G. For an order cancelling, rescinding, remanding, and/or voiding Security Instruments such as the Deed of Trust and Assignment.

H. For costs of suit incurred herein;

I.  For costs, fees and Attorney fees where appropriate; and

J.  For such other and further relief as the Court deems just and proper.


Jury Demand Attached


Date: May 05, 2014


_____/s/ Joseph La Costa_____


Joseph C. La Costa

Attorney for Plaintiff,

Lionel L Rowe


VERIFIED COMPLAINT

Page **28** of **31**

## **VERIFICATION**

I, Lionel L Rowe, am the Plaintiff in the above-entitled action. I have read the above Complaint, and I have personal knowledge of the matters stated herein except as to those matters stated upon information and belief and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct as executed this 05TH day of May 2014, in the City of San Diego, County of San Diego, and State of California.

/s/ Lionel L Rowe

_____

Lionel L Rowe

## **DEMAND FOR JURY TRIAL**

Plaintiff's, Lionel L Rowe hereby demand a trial by Jury on all claims

and issues so triable.


Dated: 05/05/2014

/s/ Lionel L Rowe

Lionel L Rowe

## **LOCAL RULE 5.1(a) CERTIFICATION**

By signature below, counsel certifies that the foregoing document was prepared in TIME NEW ROMAN, 14-point font, in compliance with Local Rule 5.1(a).


Date: May 05, 2014


/s/ Joseph La Costa

_____

Joseph La Costa
Attorney for Plaintiff,
Lionel L Rowe

VERIFIED COMPLAINT

Page **31** of **31**